FIRE ASSOCIATION OF PHILADELPHIA

*v.*

ROBERT V. SCHELLENGER.

[Heard and tentatively determined March 31st, 1914.]

1. An insurance against loss by fire is an indemnity which the assured holds, and, when the insurance company pays the insured the amount for which it was liable, the insurer becomes subrogated to any rights of the insured as against a third person to the amount of the payment.

2. An insured sustained a loss by fire which was only partially covered by insurance. He collected the amount of the policy, and sued a railroad and recovered a judgment for $6,000, which was compromised for $3,000.—*Held*, that the insured held the $3,000 in trust for the insurance company, to the extent of the amount of the policy paid, as the insurance company became the equitable assignee of the right of action against the railroad, the legal title remaining in the insured, and the insured could not compromise without the consent of the company.

3. An insurance company after paying a fire loss has a right of subrogation, regardless of whether there is a subrogation clause in the policy, because the insurance is an indemnity, and the primary liability is upon the one who wrongfully occasions the loss.

On bill, &c.   On final hearing.

*Messrs. French & Richards,* for the complainant.

*Mr. William C. French,* for the defendant.

LEAMING, V. C. (orally).

In a case of this nature one's sympathies, naturally go out to a defendant who has suffered a loss and who has made a settlement with the company that wrongfully occasioned the loss under the possible assumption that he was receiving only the balance of his claim—that is, the amount of his loss in excess of the amount of insurance he had already received. In such case a court naturally, and I think appropriately, seeks to ascertain, if possible, some theory upon which relief against a claim of this nature can be properly based; and if I thought that by further consideration of this case my present views touching the law that controls the rights of the parties would be by any possibility modified, I would take the case under advisement; but the law is so well established, and the rights and duties of the respective parties are so plain, that it does not seem to me that it would be advantageous for me to take the case under advisement or give it further consideration. I will, for that reason, dispose of it at this time.

There are no material facts which are in dispute. The defendant, Mr. Schellenger, was owner of a certain building and machinery which were covered by a policy of insurance written by the complainant company to the amount of $3,000, $2,500 of which was on the building and $500 of which was upon the machinery. It is admitted that a loss occurred by fire on November 14th, 1911. Thereafter complainant company made payment to the defendant of the amount for which it was then ascertained that complainant was liable under its policy, namely, $2,855. The loss which defendant had suffered had apparently included property which was not covered by the insurance, and the property which was covered by insurance was not totally destroyed, so that $2,855 was determined upon as the amount payable under the insurance policy. Thereafter a suit was brought by the de-

fendant against a railroad company for the recovery of the damages occasioned by the fire, it being claimed in that suit that the railroad company had wrongfully and through its negligence destroyed the property of defendant. That suit came to trial January 7th and 8th, 1913, and on the latter date a verdict was rendered in favor of plaintiff in that suit, the defendant in this suit, of $6,000. Subsequently, on the 21st day of January, 1913, a judgment on that verdict was entered in the supreme court against the railroad company and in favor of the present defendant. Thereafter a rule to show cause for a new trial was allowed by the judge who presided at the trial of that case, which rule enabled the railroad company to procure a review of the proceedings in the supreme court, and, subsequently, on February 21st, 1913, the defendant and the railroad company made a compromise settlement whereby the railroad company paid to the defendant $3,000 in full settlement of his claim and in consideration of that payment defendant executed to the railroad company a release, a general release of all liability for all losses or damages occasioned by that fire, and canceled the judgment which had been entered of record. These facts, as already stated, are not in dispute.

Under these circumstances there cannot be the slightest doubt touching the law. When the insurance company paid to the defendant the amount for which it was liable under its policy of insurance the insurance company by the settled law of the land became subrogated to the rights of the assured to the amount of that payment. An insurance against loss by fire is an indemnity which the assured holds, and when the insurer pays that indemnity to the assured the assured becomes a trustee of the insurer to the amount of that payment in the event of its future collection by the assured from a person primarily liable for the loss. The company primarily liable for the loss here in question was the railroad company, and the indemnity obligation of the insurance company was a secondary liability, so when the loss should be paid by the railroad company to the assured he would of necessity become trustee for the insurance company to the amount that the insurance company had paid under its policy of insurance.

After payment of a loss of this nature is made by an insurance company the insurance company thereby occupies the position of an equitable assignee of the rights of the assured to the extent of the payment; the legal title to the entire claim against the railroad company remains in the assured, but the equitable title to the amount of the insurance paid is in the insurance company, so that when the assured brings a suit against the railroad company the fact that he has received payment of the amount for which the insurance company was liable cannot be utilized by the railroad company as a defence or partial abatement against the claim; therefore, any recovery which is had against the railroad company by the defendant in such a suit is not affected by the fact that the insurance has been paid prior to that time.

In this case the transcript of the proceedings in the law court has been by consent received in evidence, and it there appears that at the trial, when the judge was called upon to charge the jury touching the liability of the defendant, the matter of insurance was adverted to by the judge in his charge, and the jury was told that the question of insurance did not enter into the question of recovery. In the trial of that case the fact of insurance had appeared, although ordinarily it is not a matter that counsel is even permitted to refer to.

In that case, however, it appears from the transcript of the proceedings at the trial that the defendant railroad company had made a claim that in the proof of loss before the insurance company Mr. Schellenger, the present defendant, had made a claim of loss less in amount than he made in the suit against the railroad company, and his proof of loss against the insurance company had been offered in evidence by the railroad company to affect his testimony touching the total amount of loss which he in that suit claimed he had suffered, and the court charged the jury that they could consider the affidavit that Mr. Schellenger had made in his proof of loss against the insurance company so far as it affected his credibility or affected his testimony as a witness, but that the fact of insurance was of no concern in the case excepting for that purpose and that the jury should consider it for that purpose alone.

After an insurance company has paid the amount of its indemnity obligation in a case of this nature they are powerless up to a certain stage to do anything toward collecting the money which they have paid from a railroad company who may be liable for the loss. Any suit that is brought must be in the name of the assured. The railroad company is entitled to be protected against two suits. The assured cannot sue for the balance which is due to him over and above the insurance, and the insurance company bring another simultaneous suit in the name of the assured for the amount of insurance which has been paid. The railroad company is entitled to protection against the claim being split and two independent suits prosecuted, although the rights of the insurance company and the assured are essentially independent rights. By the mere fact of payment there is, in operation of law, equitably assigned to the insurance company a portion of the claim equal to the amount of insurance money paid. So, the insurance company is powerless, and when in such circumstances the assured brings suit against a railroad company for a loss occasioned by its negligence the suit necessarily includes, and must include, and the suit brought by defendant did include, the amount that the insurance company would be entitled to receive back by reason of insurance which it had paid. The verdict in this case clearly included that amount. The verdict was the full amount of the claim of $6,000, and it is not claimed by anyone that the loss was $6,000 plus the $2,855 which the insurance company had already paid.

Now, when the assured assumed, without the knowledge or consent of the insurance company, to make a compromise settlement of the judgment entered on that verdict, he necessarily assumed to settle the claim of the insurance company. The insurance company had an interest in that judgment to the extent of the amount of money which it had paid, and the assured had no right to make any settlement or satisfaction of that judgment, or to give a general release, or to discharge the lien of the judgment, without the co-operation, or at least an opportunity of co-operation, upon the part of the insurance company in that settlement. If he did so in the absence of knowledge or co-operation upon the part of the insurance company he necessarily assumed

the liability to repay to the insurance company the amount that had been paid to him. It was the clear duty of the defendant, Mr. Schellenger, if he sought to make a compromise settlement of that judgment, to apprise the insurance company of the fact and procure a participation by the insurance company in that settlement, for the insurance company had rights in that judgment as well established and as well settled and as clearly defined as he had; he held the judgment in trust for the benefit of the insurance company to the amount that the insurance company had paid, and as such trustee made this settlement and discharged the judgment at a time when the statute had run against the claim, and he is now called upon by the insurance company to answer and there is no way, in my judgment, in which he can escape liability.

It is impossible to escape a feeling of regret that this defendant is now called upon to refund to this insurance company the money which he has received from it, for he may have made settlement in the belief that no such liability existed, but, under the circumstances of this case, it is impossible to find ground of relief.

Counsel has urged that the subrogation clause in the policy of insurance contains language indicating that the insurance company must make claim of loss through negligence of some third person before it is entitled to the right of subrogation. That is not a proper construction of the clause. These clauses are uniformly treated as securing to an insurance company a right of subrogation in cases of this nature, and the right would exist, as I understand the law, without any subrogation clause in the policy of insurance. It arises from the fact that the insurance is an indemnity and that the primary liability is upon the person who wrongfully occasions the loss—in a case of this nature, the railroad company.

I am so firmly convinced that the complainant is entitled to a decree for the amount of insurance that I cannot feel it proper to take the case under advisement. If, however, counsel for the defendant feels that he could, by submitting a brief, bring to my attention some authority or some argument that has not already been presented, or some view that I have been unable to antici-

pate in the remarks which I have made, I will be very glad to extend that opportunity and give full and careful consideration to any brief that may be filed; but should such a brief be filed a copy must be first served upon counsel for the complainant in order that he may reply to it. Unless counsel for the defendant desires to present authorities or a supplemental argument through a brief, I will advise a decree of the nature indicated by the remarks which I have made.